# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERIC B.,[1]

       Plaintiff,

      v.                                       Civ. No. 22-175 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff argues that the Commissioner committed error when denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Specifically, Plaintiff asserts that the administrative law judge ("ALJ") stated that the opinion of a consultative examiner was persuasive, but that the ALJ failed to adopt the doctor's entire opinion and did not explain why he left some of the limitations out of the residual functional capacity finding. The Court agrees. Tenth Circuit precedent requires an ALJ to fully incorporate an opinion he finds persuasive, or explain why. The ALJ here did neither. As a result, the Court GRANTS Plaintiff's Motion For Summary Judgment, Doc. 21, and remands for further proceedings.[2]

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 9, 10, 11. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court

**APPLICABLE LAW**

A.      Disability Determination Process

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1)     At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.

(2)     At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, he is not disabled.

(3)     At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4)     If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past

---

reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

[3] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [he] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [he] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [his physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5)     If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.     Standard of Review

The court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at

800-01. In making these determinations, the court neither reweighs the evidence nor substitutes its judgment for that of the agency. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

4

**ANALYSIS**

The ALJ found the opinions of the mental-health consultants to be persuasive, but—Plaintiff argues—he did not incorporate all of the limitations from those opinions into the RFC. The ALJ then failed to explain why he did not incorporate all of the limitations. Plaintiff argues on appeal that "[t]he ALJ committed reversible error when he failed to provide any explanation for his implicit dismissal of the opinions of the state agency psychologists and the consultative psychiatric examiner." Doc. 21-1 at 8. The Court agrees with Plaintiff with respect to one mental-health consultant's opinion—the opinion of consulting examiner Dr. David Earl—and reverses and remands for the required explanation.

A.    Legal standard

Plaintiff filed his disability application after March 27, 2017, AR 86, and thus the significantly revised rules for medical opinions apply to this case. For claims filed on or after March 27, 2017, all medical sources can provide evidence that is categorized and considered as medical opinion evidence and subject to the same standard of review. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors of supportability and consistency are the most important factors in determining the persuasiveness of a medical opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability" examines how closely connected an opinion is to the evidence and explanations presented in that opinion. *Zhu v. Comm'r, SSA*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021).[4] "Consistency" compares a medical opinion to the evidence in the rest of the record. *Id.* An ALJ may, but is not required to, consider other factors

---

[4] The Court cites unpublished Tenth Circuit cases for their persuasive value. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

such as relationship with the claimant and specialization. *Id.* (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)).

In *Haga v. Astrue*, a consulting mental health professional "fill[ed] out a mental RFC form, on which he marked appellant moderately impaired in seven out of ten functional categories." 482 F.3d 1205, 1207 (10th Cir. 2007). While the ALJ's RFC incorporated three of these moderate limitations, it did not incorporate the other four. *Id*. Further, the ALJ did not provide an explanation for rejecting the remaining four moderate limitations and "the evidence on which the ALJ explicitly relied in his decision [did] not imply an explanation." *Id*. On appeal, the Tenth Circuit noted "it is simply unexplained why the ALJ adopted some of [the doctor]'s restrictions but not others." *Id.* at 1208. Although an "ALJ is entitled to resolve any conflicts in the record," the court stressed that an ALJ must actually identify the evidence that conflicts with the doctor's medical opinion or RFC assessment. *Id.* The Tenth Circuit reinforced this point later that same year when it applied *Haga* to remand where the "ALJ erred in accepting some of the moderate limitations in the Mental RFC form completed by . . . a nonexamining physician, but rejecting others without discussion." *Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007).

The Commissioner argues that *Haga* may be outdated because "[u]nder the new regulation's provisions," all that is required of the ALJ is to "articulat[e] his assessment of those opinions and prior administrative medical findings, addressing their supportability and consistency," and the ALJ did so here. Doc. 24 at 11.[5] The demise of *Haga*, however, is not

---

[5] Because Plaintiff largely cites case law relating to non-examining state-agency consultants, the Commissioner also argues that Plaintiff's cited law does not apply to consultative examiners like Dr. Earl. Doc. 24 at 8-9. But Plaintiff did cite *Haga*, Doc. 21-1 at 10, and *Haga* concerns consultative examiners rather than non-examining state-agency consultants. 482 F.3d at 1207. In any event, *Haga* is binding Tenth Circuit precedent, which this Court must follow whether Plaintiff cites it or not.

clear. Under the new regulations, and post-*Haga*, the same fundamental rules of administrative law continue to apply. These rules may dictate the same result as *Haga* for the same reasons articulated in *Haga*. *E.g.*, *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (agency decision must provide a sufficient basis to determine that appropriate legal principles have been followed); *Frantz*, 509 F.3d at 1302 (ALJ erred by "ignor[ing] evidence from [a clinical nurse specialist] that would support a finding of disability while highlighting evidence favorable to the finding of nondisability"); *Talbot v. Heckler*, 814 F.2d 1456, 1463-64 (10th Cir. 1987) (reversing where, among other things, ALJ erred by mischaracterizing the evidence). Further, until and unless the Tenth Circuit or United States Supreme Court concludes that *Haga* is no longer good law the Court is hesitant to cast *Haga* aside. *Cf. Agostini v. Felton*, 521 U.S. 203, 207 (1997) ("lower courts should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").

And, the Court need not opine for the purposes of this appeal exactly how much of *Haga* survives the new regulations. Despite the mountain of discussion it has generated in social security opinions for over a decade, *Haga* states a fairly basic rule: if the ALJ says he is giving weight to a doctor's opinion (or, under the new regulations, finds it persuasive), then the RFC should match that opinion. If the RFC does not match that opinion, the ALJ should explain why it does not. There is nothing in the new regulations that would change this common-sense principle.

B.    Dr. Earl's report and ALJ's opinion

Psychiatrist consultative examiner David Earl interviewed Plaintiff and conducted a mental status examination on September 14, 2019. AR 804. Plaintiff had a restricted affect and fair insight and judgment. AR 806. He scored 27/30 on a mini mental status exam, indicating no neurocognitive impairment, and he demonstrated adequate effort. AR 807. Dr. Earl considered

Plaintiff "a mostly reliable historian" and assessed generalized chronic pain, anxiety disorder, major depressive disorder, and possible PTSD. AR 807. On the subject of Plaintiff's work-related functioning, Dr. Earl opined:

> The claimant is likely to experience impairment in the ability to understand and carry out simple and complex instructions, as well as concentrate, related to his current symptoms. Additionally, the claimant is likely to have difficulty persisting at tasks and being a dependable employee given the degree of pain and level of anxiety. The claimant would likely require some supervision at any type of work-related activity given their history.

AR 808. Dr. Earl assessed "moderate" limitations in Plaintiff's ability to interact with peers at work, persist at tasks, work without supervision, and adapt to changes at work. *Id.*

> The ALJ evaluated this consultative opinion as follows:

> Dr. Earl opined the claimant is likely to experience impairment in the ability to understand and carry out simple and complex instructions, as well as concentration, related to his current symptoms; have difficulty persisting at tasks and being a dependable employee given the degree of pain and level of anxiety; would likely require some supervision at any type of work-related activity given their history; and could manage their own finances. Dr. Earl further noted the claimant's limitations would be no more than moderate. The undersigned finds this opinion persuasive as it contains no more than moderate limitations. This is consistent with consultative findings, which were within normal limits. It is also consistent with the mostly normal medical notes. Dr. Earl also had the opportunity to examine the claimant in person. The undersigned finds these opinions supportive of the above residual functional capacity.

AR 32 (record citations omitted). And, as for mental limitations in the RFC, the ALJ found:

> The claimant is limited to understanding, remembering, and carrying out simple and detailed, but not complex tasks. Semi-skilled (SVP 4 or below) work is further defined as making commensurate semi-skilled (SVP 4 or below) work-related decisions; dealing with changes consistent with a semi-skilled (SVP 4 or below) work setting, maintaining concentration, persistence, and pace for at least two hour intervals; and frequent interactions with others including supervisors, co-workers, and the general public.

AR 27.

C.     Discussion

Plaintiff argues that the ALJ did not incorporate Dr. Earl's opinion into the RFC. As Plaintiff puts it, "the ALJ seemed to like the moderate limitations assigned but did not actually apply the narrative accounting of those limitations." Doc. 21-1 at 9. If the ALJ had done so, Plaintiff argues, the RFC would have "included a limitation to difficulty persisting at tasks and even with 'being a dependable employee.'" *Id.* The ALJ also "would have included a requirement for [Plaintiff] to have some level of supervision in any work environment." *Id.* In addition, "[t]here is no clear translation of moderate limitations to interacting with peers at work or adapting to changes at work in the narrative." *Id.*

The Court agrees. The RFC includes no limitation related to Dr. Earl's statement that Plaintiff would have difficulties being a dependable employee. The RFC has no requirement related to any particular level of supervision while Dr. Earl stated Plaintiff would require "some" supervision at any type of work. The RFC states that Plaintiff can have "frequent" interactions with peers whereas Dr. Earl stated Plaintiff has a "moderate" limitation in the ability to interact with peers at work. In short: the RFC and Dr. Earl's opinion do not match. Similarly, Dr. Earl's restrictions do not match the hypothetical the ALJ gave to the vocational expert (which mirrored the RFC). AR 73-74. The ALJ did not ask the VE about the level of supervision for jobs or requirements for peer interaction. *Cf. id.* And yet the ALJ stated Dr. Earl's opinion was persuasive and did not give a reason for rejecting any part of it. Under well-established principles of administrative law, the ALJ was at least required to account for the differences.

The Commissioner argues that the ALJ's RFC is supported by substantial evidence. Doc. 24 at 7-8. That may be so, but Plaintiff's argument is one of legal error: that the ALJ failed to properly evaluate Dr. Earl's opinion and otherwise failed to incorporate Dr. Earl's opinion, which he found persuasive, into the RFC. *Cf. Haga*, 482 F.3d at 1208. Unless this legal error is

harmless, the Court must reverse and remand. And the Commissioner makes no argument as to harmless error. Absent harmless error, whether the RFC is supported by substantial evidence is beside the point if the ALJ failed to properly explain the RFC.

The Commissioner argues that "the ALJ was not required to justify how he accounted for Dr. Earl's opinion . . . on a limitation-by-limitation basis." Doc. 24 at 9. This is a true statement of the law. If the ALJ had fully incorporated Dr. Earl's opinion into the RFC without engaging in a limitation-by-limitation analysis in the narrative, there would be no error. The error does not lie in failing to discuss each limitation. The error lies in rejecting certain limitations without explanation, despite finding the entire opinion persuasive. In explicitly finding Dr. Earl's opinion persuasive, but then ignoring certain limitations in the opinion without accounting for them in the RFC, the ALJ failed to accurately explain the basis of his opinion. The Court therefore agrees with Plaintiff and rejects the Commissioner's arguments on this issue.

The balance of the Commissioner's response is directed to Plaintiff's arguments with respect to the non-examining state-agency consultants' opinions. Doc. 24 at 10-14. The Court does not address these arguments, given that it remands for a reevaluation of Dr. Earl's opinion. *Cf. Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (declining to reach the claimant's remaining allegations of error, as they may be affected by the analysis on remand).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 21) is **GRANTED**.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**